**PITE DUNCAN, LLP**
ACE VAN PATTEN (Bar #11731)
701 Bridger Avenue, Suite 700
Las Vegas, Nevada 89101
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
E-mail: ecfnvb@piteduncan.com

MAILING ADDRESS:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorneys for ALLY BANK

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA - LAS VEGAS DIVISION

| | |
|---|---|
| In re<br><br>EFREM ROSENFELD AND VALERIE ROSENFELD,<br><br>Debtors. | Case No. 12-11297-LBR<br><br>Chapter 11<br><br>**STIPULATION REGARDING TREATMENT OF CREDITOR'S CLAIM PURSUANT TO CHAPTER 11 PLAN** |

**STIPULATION REGARDING TREATMENT OF CREDITOR'S CLAIM PURSUANT TO CHAPTER 11 PLAN**

This Stipulation is entered into by and between, Efrem Rosenfeld and Valerie Rosenfeld (hereinafter referred to as "Debtors"), by and through their attorney of record, Steven L. Yarmy; and Ally Bank (hereinafter referred to as "Creditor"), by and through its attorney of record, Pite Duncan, LLP.

## RECITALS

A.      On or about December 22, 2005, Valerie Rosenfeld, for valuable consideration, made, executed, and delivered to Quicken Loans, Inc. ("Lender') a Home Equity Line Agreement, Disclosure Statement and Note ("Note") in the amount of $200,000.00, which is secured by a Second Mortgage encumbering the real property at 166 East 63rd Apartment 20B, New York, New York 10021 (the "Subject Property"). The Note and Second Mortgage are collectively referred to hereinafter as the "Subject Loan."

B.   On or about February 3, 2012, Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada, Las Vegas Division, and was assigned Case No. 12-11297-LBR.

C.   On or about June 21, 2012, Debtors filed a Motion to Value Collateral, "Strip Off", and Modify Rights of Creditor praying that the Court find the Second Deed of Trust encumbering the Subject Property be avoided and that Creditor's claim be paid as unsecured.

**THE PARTIES HEREBY STIPULATE AND AGREE TO AN ORDER AS FOLLOWS:**

1.   Creditor's claim shall be allowed as a non-priority general unsecured claim in the amount of $226,164.21;

2.   The avoidance of the Second Deed of Trust is contingent upon the Debtors' completion of their Chapter 11 Plan and the Debtors' receipt of a Chapter 11 discharge;

3.   Upon receipt of the Debtors' Chapter 11 discharge and completion of their Chapter 11 Plan, this Order may be recorded by the Debtors' with the County Recorder's Office;

4.   In the event Debtors' case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full amount due under the Note, to be paid at the rate and terms provided for under the Note and Deed of Trust, and the automatic stay shall be terminated without further notice, order or proceeding of the Court; and

5.   In the event that the holder of the first lien on the Subject Property forecloses on its security interest and extinguishes the Second Deed of Trust prior to the Debtors' completion of their Chapter 11 Plan and receipt of a Chapter 11 discharge, the second lien shall attach to the surplus

/./././
/./././
/./././
/./././
/./././
/./././
/./././

1  proceeds of the foreclosure sale for the full amount of the Subject Loan balance at the time of the
2  sale.
3      IT IS SO STIPULATED

5  Dated: July 12, 2012                       By: /s/Ace C. Van Patten
                                                 ACE VAN PATTEN
6                                                Attorney for ALLY BANK

8  Dated: July 12, 2012                       By:/s/ Steven Yarmy
                                                 STEVEN L. YARMY
9                                                Attorney for Debtors