Victoria L. Nelson, Chapter 7 Trustee
Email: trustee@nelsonhoumand.com
1180 North Town Center Drive, Suite 100
Las Vegas, Nevada 89144
Telephone:  702/720-3374
Facsimile:  702/720-3371

*Electronically Filed On: September 12, 2017*

*Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>EFREM ROSENFELD and VALERIE ROSENFELD,<br><br>　　　　Debtors. | Case No. BK-S-12-11297-BTB<br>Chapter 7<br><br>**MOTION TO APPROVE SALE OF THE REAL PROPERTY LOCATED AT 166 EAST 63RD STREET, # 20B, NEW YORK, NEW YORK, 10065 PURSUANT TO 11 U.S.C. § 363**<br><br>Date of Hearing:　October 12, 2017<br>Time of Hearing:　11:00 a.m.<br>Place: Courtroom No. 4, Second Floor<br>　　　　Foley Federal Building<br>　　　　300 Las Vegas Blvd., S.<br>　　　　Las Vegas, NV 89101<br><br>Judge: Honorable Bruce T. Beesley |

VICTORIA L. NELSON, the appointed Chapter 7 Trustee in the above-captioned bankruptcy case (the "Trustee") hereby files this *Motion to Approve Sale of the Real Property Located At 166 East 63rd Street # 20B, New York, New York 10065 Pursuant to 11 U.S.C. § 363* (the "Motion").[1]

. . .

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

-1-

1   The Motion is based on the following Memorandum of Points and Authorities and the *Declaration of Victoria L. Nelson In Support of Motion to Approve Sale of the Real Property Located At 166 East 63rd Street # 20B, New York, New York 10065 Pursuant to 11 U.S.C. § 363* (the "Nelson Declaration"), which is filed separately and concurrently with this Court pursuant to Local Rule 9014(c)(2).

The Motion is further based on the papers and pleadings on file in this case, and such other evidence that may be presented to the Court at the hearing on the Motion. Pursuant to Local Rule 6004(b)(3), a true and correct copy of the proposed order approving the Motion is attached hereto as **Exhibit "1"**.[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    JURISDICTION AND VENUE

The Court has jurisdiction over the bankruptcy case and the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9014.2, if the Court determines that absent consent of the parties the Court cannot enter final orders or judgment regarding the Motion consistent with Article III of the United States Constitution, the Trustee consents to entry of final orders and judgment by this Court. Venue before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in the Motion herein are Section 363 and FRBP 6004.

### II.    STATEMENT OF FACTS

1.    On February 3, 2012 (the "Petition Date"), EFREM ROSENFELD and VALERIE ROSENFELD (collectively, the "Debtors") filed a voluntary petition under Chapter 11 of Title 11 of the United States Code [ECF No. 1][3]. *See* Nelson Declaration.

. . .

---

[2] The Trustee also requests that the Court take judicial notice of all pleadings filed in the above-captioned bankruptcy case, including adversary proceedings, pursuant to Rule of Evidence 201, incorporated by reference by Federal Rule of Bankruptcy Procedure 9017.

[3] All references to "ECF No." are to the numbers assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the clerk of the court.

2. On July 2, 2013, the Debtors' bankruptcy case was converted from Chapter 11 to Chapter 7. *See Order Converting Case to Chapter 7* [ECF No. 241]; *see also* Nelson Declaration.

3. On July 2, 2013, David A. Rosenberg ("Trustee Rosenberg") was appointed as the Chapter 7 Trustee in the Debtors' bankruptcy case.

4. On August 2, 2013, Dotan Y. Melech ("Trustee Melech") was appointed as the successor trustee in the Debtors' bankruptcy case.

5. On August 23, 2016, the Trustee was appointed as the second successor Chapter 7 Trustee in the Debtor's bankruptcy case. *See* Nelson Declaration.

6. The Debtors' bankruptcy schedules identify several interests in real properties throughout the United States, including the real property located at 166 East 63rd Street # 20B, New York, New York 10065 (the "Property"). *See* Nelson Declaration.

7. On January 24, 2017, the Trustee filed an *Ex Parte Application to Employ Deborah L. Priebe, Real Estate Agent, to Sell Certain Real Property and to Pay Commission Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 596] (the "First Priebe Application"). *See* Nelson Declaration.

8. The First Application sought to employ Deborah L. Priebe ("Priebe"), a licensed real estate agent at Elegant Properties, LLC, 170 S. Green Valley Parkway, Suite 200, Henderson, NV 89012, to market and sell the real property located at 9595 Collins Avenue, #N-5D, Surfside, Florida 33154 (the "Florida Property") and negotiate a short sale such that a sufficient bankruptcy release fee would be paid to the Debtors' bankruptcy estate to provide a meaningful distribution to creditors. *See* Nelson Declaration.

9. On January 24, 2017, the Court entered an *Order Granting Ex Parte Application to Employ Deborah L. Priebe, Real Estate Agent, to Sell Certain Real Property and to Pay Commission Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 599]. *See* Nelson Declaration.

10. Priebe was successful in marketing the Florida Property and negotiating a short sale that resulted in the Debtors' bankruptcy estate receiving a bankruptcy release fee in the amount of $40,000. *See* Nelson Declaration.

11. On March 15, 2017, the Court entered an *Order Granting Motion to Approve Sale of the Real Property Located At 9595 Collins Avenue, Unit N5-D, Surfside, Florida 33154-2618 Pursuant to 11 U.S.C. § 363* [ECF No. 612], which approved the sale of the Florida Property. *See* Nelson Declaration.

12. Due to the success of the sale of the Florida Property, the Trustee sought to employ Priebe to market and sell the remaining real properties in the Debtors' bankruptcy estate, including the Property. *See* Nelson Declaration.

13. Since the First Priebe Application only sought to employ Priebe to market and sell the Florida Property, the Trustee filed the *Second Ex Parte Application to Employ Deborah L. Priebe, Real Estate Agent, to Sell Certain Real Property and to Pay Commission Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 614] (the "Second Priebe Application"), which sought authority to employ Priebe to market and sell the remaining real properties that were assets of the Debtors' bankruptcy estate. *See* Nelson Declaration.

14. Priebe has located a buyer that is willing to purchase the Property. A true and correct copy of the purchase and sale contract is attached to the Nelson Declaration as **Exhibit "1"**.

15. The Trustee proposes to sell the Property to Amy Deipolyi (the "Purchaser") for $1,225,000 (the "Purchase Price"). *See* Nelson Declaration.

16. Although the balance of the liens secured by the Property exceed the Purchase Price, the creditor holding the first deed of trust secured by the Property (the "Secured Creditor") has agreed to a "short sale" whereby it will waive any deficiency balance remaining after the sale of the Property. *See* Nelson Declaration.

17. The Debtors' bankruptcy estate will receive a release fee of four percent (4%) of the Purchase Price, or the sum of $49,000 (the "Bankruptcy Release Fee"). *See* Nelson Declaration.

18. The Bankruptcy Release Fee shall be paid by the Purchaser. *See* Nelson Declaration.

-4-

19. The Trustee believes that the Purchase Price represents the highest and best price that the bankruptcy estate could receive from the sale of the Property. Moreover, the sale of the Property is in the best interests of creditors because the Debtors' bankruptcy estate will receive the Bankruptcy Release Fee, which will provide a meaningful distribution to creditors.

### III.    LEGAL ARGUMENT

The Bankruptcy Code provides the authority for the Trustee to sell the Property free and clear of all liens, claims, encumbrances and interests. *See generally* 11 U.S.C. § 363. 11 U.S.C. § 363(b)(1) provides that a Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. This provision generally allows a trustee (subject to Court approval) to sell property of the estate outside the ordinary course of business where the proposed sale is a sound exercise of the trustee's business judgment and the sale is proposed in good faith and for fair value. *Committee of Equity Security Holders v. Lionel Corporation (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Ernst Home Center, Inc.*, 209 B.R. 974, 980 (Bankr. W.D. Wash. 1997). When a trustee articulates a reasonable basis for its business decisions, "courts will generally not entertain objections to the [trustee's] conduct." *Comm. Of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1987).

11 U.S.C.§ 363(f) further states that the trustee may sell property under subsection (b) of this section free and clear of any interest in such property or an entity other than the estate, only if (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

In the instant case, the Purchase Price was negotiated at arm's length in good faith, and the Trustee believes its terms are fair and reasonable under the circumstances. The Trustee seeks authority to sell the Property free and clear of all liens, claims and encumbrances which may be asserted against the assets, with any such liens, claims and encumbrances (if any) attaching to the

proceeds of the sale.  The sale of the Property is in the best interests of creditors because it will result in the Debtors' bankruptcy estate being paid the Bankruptcy Release Fee, which will allow approximately $49,000 to be distributed for the benefit of creditors.

In addition to the other sale-related relief sought herein, the Trustee requests that the Court specifically find inapplicable any stays that might otherwise inhibit the Trustee's ability to close the proposed transaction for the sale of the Property immediately after the Court enters an order approving the transaction, including, without limitation, those arising under FRBP 6004.

Finally, the Trustee requests that the Court deem the Purchaser as a good faith purchaser pursuant to Section 363(m).  *In re Onouli-Kona Land Co.*, 846 F.2d 1170 (9th Cir. 1988).  The Purchaser has offered to pay a purchase price that the Trustee believes is the highest and best price for the Property and will result in a meaningful distribution to creditors.  The Trustee is further informed and believes that the Purchaser does not have any relationship or connection with the Debtors that would suggest that its offer to purchase the Property is not in good faith.

The Motion and supporting declarations have been served on (a) the Office of the United States Trustee, (b) the Debtors and their counsel, and (c) all parties requesting special notice. Notice of the Motion has also been served on all creditors and parties in interest.  The Trustee submits that no other or further notice is required.

### V.    CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an Order: (1) approving the Sale of the Property free and clear of liens to the Purchaser pursuant to Section 363; (2) waiving the application of any stays under FRBP 6004; and (3) for such other relied as the Court deems just and proper under the circumstances.

Dated this 12th day of September, 2017.

**CHAPTER 7 TRUSTEE**

By:  */s/ Victoria L. Nelson*
Victoria L. Nelson, Chapter 7 Trustee
Email: trustee@nelsonhoumand.com
1180 North Town Center Drive, Suite 100
Las Vegas, Nevada 89144
Telephone:   702/720-3374
Facsimile:    702/720-3371